Filed 9/21/21  P. v. Albor CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J. EFRAIN GONZALEZ ALBOR,<br><br>    Defendant and Appellant. | 2d Crim. No. B306210<br>(Super. Ct. Nos.<br>F000368215001, F368215)<br>(San Luis Obispo County) |

J. Efrain Gonzalez Albor appeals the denial of his petition pursuant to Penal Code section 1170.95.[1]  We affirm.

### FACTS

#### *Convictions*

In 2006, Albor pled no contest to willful, deliberate, and premediated murder.  (§ 187, subd. (a).)  He admitted the special circumstance that he committed the murder by lying in wait. (§ 190.2, subd. (a)(15).)  Albor also pled no contest to one count of

---

[1] All statutory references are to the Penal Code.

assault with a deadly weapon (§ 245, subd. (a)(1)) and that he personally inflicted great bodily injury during the assault. He was sentenced to life without the possibility of parole.

*Offenses*

The facts underlying the offenses are taken from the transcript of the preliminary hearing.

Albor and his wife lived in an apartment with their adult son. Albor formed the belief that his wife and son were having sex. In October 2004, he threatened to kill his wife and son. Albor was arrested and the trial court granted a protective order.

In January 2005, Albor was no longer living with his wife and son. He broke into their apartment when they were not home. He went into the bathroom with a knife and hid behind the shower curtain.

When Albor's wife and son returned home, his wife went into the bathroom. She thought she was alone. Albor came out of the shower, grabbed his wife from behind, and held a knife to her neck. She screamed to her son for help.

When their son came in, Albor threw his wife aside and threatened their son with the knife. The three of them moved out into the hallway. Albor's wife reentered the bathroom and shut the door. Albor stabbed their son.

When Albor's wife came out of the bathroom, she saw her son lying on the bed. Albor stabbed her and beat her before leaving in their son's car. He was arrested the next day. Albor's son died from being stabbed once in the chest.

*Section 1170.95 Petition*

Albor's section 1170.95 petition was on a form. Albor checked the boxes that said: "A complaint, information, or indictment was filed against me that allowed the prosecution to

2.

proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; "I plead guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine"; and "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Albor also requested appointment of counsel.

The trial court appointed counsel to assist Albor with his petition. Counsel told the court that he was Albor's counsel at the time he pled to the charges. Counsel said that Albor acted alone, and he did not believe Albor was entitled to relief.

The trial court denied the petition without an evidentiary hearing.

DISCUSSION

I

Effective January 1 2019, the Legislature amended the definition of murder to eliminate the felony-murder rule and the natural and probable consequences theory of malice. (§§ 188, 189; Stats. 2018, ch. 1015, §§ 2, 3.) As part of the change, the Legislature also enacted section 1170.95 to give those who have been convicted of murder under the felony-murder rule or on the natural and probable consequences theory to have the conviction vacated and to be resentenced on any remaining counts. (Stats. 2018, ch. 1015, § 4.)

Section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the

3.

petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) provides for appointment of counsel on petitioner's request and requires the court to determine whether petitioner has made a prima facie showing that he qualifies for relief under the statute. If petitioner has made a prima facie showing, section 1170.95, subdivision (d)(1) requires that the court must hold a hearing to determine whether to vacate the murder conviction.

## II

### *No Prima Facie Showing*

Albor contends the trial court erred in denying his petition based on facts that do not appear in his petition.

Recently, in *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court decided that section 1170.95, subdivision (c) requires the appointment of counsel whenever the petitioner files a petition conforming to the requirements of section 1170.95, including a request for counsel. Here the trial court appointed counsel for Albor.

Our Supreme Court also held that the trial court can rely on the record of conviction in determining whether petitioner has shown a prima facie case. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 970.) Here the record of conviction unequivocally shows that Albor cannot make a prima facie case for relief. Albor acted alone. He was not convicted under the felony-murder rule or the natural and probable consequences theory.

III

*Sixth Amendment Right to Counsel*

Albor contends he was denied his Sixth Amendment right to counsel when his counsel admitted he (Albor) was not entitled to relief.

Our Supreme Court has held that petitioner is not constitutionally entitled to counsel at the outset of the section 1170.95, subdivision (c) process. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 973.) That right applies only when petitioner establishes a prima facie case. (*Ibid.*) Here Albor failed to establish a prima facie case.

Moreover, any deficiency in counsel's performance was harmless by any standard. The record of conviction unequivocally shows Albor is not entitled to relief. Nothing Albor's counsel said had any effect.

The judgment (order) is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


PERREN, J.          TANGEMAN, J.


5.

Hernaldo J. Baltodano, Judge

Superior Court County of San Luis Obispo

———————————————

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.